SUMMARY ORDER

Petitioner, Qing Sheng Huang, a native and citizen of the People’s Republic of China, seeks review of a June 19, 2008 order of the BIA affirming the November 7, 2006 decision of Immigration Judge (“IJ”) Robert Weisel denying petitioner’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Qing Sheng Huang, No. A28 623 934 (B.I.A. Jun. 19, 2008), aff’g No. A28 623 934 (Im-mig. Ct. N.Y. City Nov. 7, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA does not adopt the decision of the IJ in any respect, this Court reviews only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). Here, the BIA “agreed” with the IJ that Huang had failed to meet his burden of proof, but its reasoning was largely distinct from that of the IJ. Thus, we review the BIA’s decision alone.
We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mulcasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Huang argues that he is eligible for relief based on his participation in the anticommunist student protests of 1989. However, he failed to make any such argument in his brief to the BIA. In addition to the statutory requirement that petitioners exhaust each category of relief they seek, 8 U.S.C. § 1252(d)(1), we generally will not consider arguments regarding individual issues that were not exhausted before the agency. Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1, 122-123 (2d Cir.2006). Thus, we will limit our review to Huang’s family planning claim as that is the only claim the BIA considered. See id. at 119-120.[2]
Huang asserts that he established eligibility for relief based on his wife’s fear that she will be forcibly sterilized. However, *16 we have found that applicants must base their claims on “persecution that they themselves have suffered or must suffer.” See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 308 (2d Cir.2007); Tao Jiang v. Gonzales, 500 F.3d 137, 141 (2d Cir. 2007). While Huang also argues that he reasonably fears he will be forcibly sterilized if he returns to China, the documents he presented do not describe the treatment in China of male Chinese citizens with foreign-born children. Absent such evidence, we will not disturb the agency’s determination that Huang failed to prove a well-founded fear of persecution on account of fathering children born in the United States. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (holding that an applicant’s well-founded fear claim based on U.S.-born children was “speculative at best” when he failed to present “solid support” that he would be subject to the family planning policy upon his return to China); see also Jian Hui Shao v. Mukasey, 546 F.3d 138, 162, 160 n. 20 (2d Cir.2008).
Because Huang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief on this basis. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Kyaw Zwar Tun v. INS, 445 F.3d 554, 567 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. We also decline to consider the evidence Huang refers to in his brief that was not part of the administrative record. 8 U.S.C. § 1252(b)(4)(A); see Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269 (2d Cir.2007).